HAWKINS, Judge.
 

 Appellant and O. W. Anderson were jointly indicted charged with robbing B. P. Randall of a diamond pin. Anderson was tried and appellant testified against him. Conviction of Anderson resulted and upon appeal to this court the judgment was reversed and the cause remanded. The opinion is reported in 95
 
 *496
 
 Texas Crim. Rep. 346, 254 S. W. 986. This time Mouhart was placed upon trial and Anderson used by the state as a witness. He was convicted of robbery and his punishment assessed at five years in the penitentiary. No bills of exception appear in the record and the only question is as to the sufficiency of the evidence.
 

 Randall testified that on the night the robbery occurred he went to Anderson’s house to collect $30 which Anderson owed him; that appellant was present when Anderson paid witness; that he then gave appellant some money with which to buy a quart of whiskey, that they all drank of the whiskey; that Anderson suggested taking witness home in a car; that at the time they left he saw appellant standing near but did not know he.got in the car; that from the effects of the whiskey or from being drugged witness lost consciousness about the time they left the house and knew nothing until he was being assaulted as he thought by Anderson; that he was sufficiently at himself to know that his diamond pin was taken during the assault but that he did not see appellant at this time. Anderson’s testimony was to the effect that Randall became very much intoxicated and that witness started to take him home in his (Anderson’s) car; that he did not know appellant was in the car until after they left witness’ house; that on the way home Randall insisted on getting out of the car, and before witness could stop it he did get out; that when he finally brought the car to a stop he saw appellant and Randall in the road some 20 feet back of the car and heard Randall ask appellant not to hit him any more; that witness had no knowledge that Randall had lost a diamond pin or that appellant had it until they got home when appellant showed him the pin which was also seen by Mrs. Anderson. This fact was also testified to by Mrs. Anderson. She and her husband both denied knowing what appellant did with the pin before he went to bed. While Mouhart was in jail he told one of the officers if they would let him go to Anderson’s house he thought he could find out what had become of the diamond. Upon returning he told the officer if he would go to the house and search in a certain flower pot it would be found. Appellant claims he had no knowledge of the diamond being in the pot until he was so informed by Mrs. Anderson. She positively denied giving him any such information, or of knowing it was there. The diamond was found by the officers as a result of the information given by appellant after sifting the dirt taken from the pot. Appellant claims in his testimony that Anderson committed the robbery; that appellant had no knowlege that Anderson had the diamond or that Randall had been assaulted and robbed until after appellant was arrested and in the police station where he learned it from one of the officers.
 

 It will be observed that the evidence presents one of those cases where each of the arrested parties was placing responsibility for the crime upon the other. The issues raised were purely questions of
 
 *497
 
 fact to be settled by the jury. They were antbroized to reach the conclusion reflected by their verdict.
 

 The judgment is affirmed.
 

 Affirmed.